DA 11-0047

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 250N

PATTY LOVAAS,

        Plaintiff and Appellant,

   v.

STATE OF MONTANA, Acting by and through
Brian Schweitzer, in his official capacity as
chief executive, Governor of the State of
Montana, and DAN BUCKS, in his official
capacity as Department of Revenue Director,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Fifth Judicial District,
                    In and For the County of Beaverhead, Cause No. DV 10-13399
                    Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Patty Lovaas, self-represented, Missoula, Montana

        For Appellees:

            Derek R. Bell, Courtney Jenkins, Special Assistant Attorneys General,
            Montana Department of Revenue, Helena, Montana

            Ann Brodsky, Special Assistant Attorney General, Helena, Montana
            (Governor Brian Schweitzer)

                        Submitted on Briefs:   September 7, 2011
                                 Decided:   October 4, 2011

Filed:

                           _____
                                 Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Patty Lovaas (Lovaas) appeals from an order of the Fifth Judicial District Court, Beaverhead County, denying her motion for summary judgment and granting summary judgment to the State of Montana ("State") and the Department of Revenue ("DOR"). We affirm.

¶3 Lovaas filed a declaratory judgment action pursuant to § 15-1-406, MCA, on January 26, 2010. Her complaint relates to the DOR's 2009 statewide reappraisal of Class Three (agricultural) and Class Four (residential and commercial) property. Lovaas alleged the reappraisal was "fatally flawed" and the taxes on her property in Beaverhead and Missoula counties were "illegally and unlawfully imposed." Lovaas offered numerous reasons for the taxes being illegal, including that 1) the DOR used valuation data at odds with her own valuation data; 2) the DOR violated §§ 15-7-112, -131, and 15-8-111, MCA; 3) both the DOR and the State conspired to manipulate property values to increase property taxes; and 4) both DOR and the State violated her right to due process and equal protection.

¶4 The parties engaged in extensive discovery. Lovaas, the State, and the DOR moved for summary judgment. With her motion, Lovaas filed an over-length brief, which was rejected by the District Court for violating Local Rule 2. Lovaas then sought leave to file an over-length brief, which was denied by the District Court:

Lovaas . . . provides no reason why she cannot make her argument within the limits permitted by the rules. Lovaas has filed several cases. The Court has reviewed many documents which she has authored. Generally, they are not concise. There is no reason offered to perpetrate or exacerbate the volume of documents filed with the Court, which voluminous documents are notable only for their length and number.

¶5 Oral argument was held on the cross-motions for summary judgment. Lovaas's motion was denied, and the State's and the DOR's motion was granted. The District Court discussed at length its reasoning. In granting the State's and the DOR's motion, the District Court stated:

> The Court finds and concludes that the Department has sufficient evidence in the file which will support its motion in the way of affidavits and the transcripts which are on file. Now, in contrast, Ms. Lovaas has no evidence... . the documents upon which Ms. Lovaas relies [approximately 25,000], quite candidly, are incomprehensible without an explanation of their meaning. That means it would require testimony. I've already explained we don't have any testimony. There's also been no authority supplied by Ms. Lovaas to support her legal theory. . . .

¶6 The District Court did not issue a written order. Lovaas timely appealed the denial of her motion for summary judgment and the grant of summary judgment to the State and the DOR.

¶7 We review summary judgment rulings *de novo*. *Goettel v. Estate of Ballard*, 2010 MT 140, ¶ 10, 356 Mont. 527, 234 P.3d 99. Applying the same M. R. Civ. P. 56 criteria as the district court, we determine whether the moving party has established both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. *Goettel*, ¶ 10. We review a district court's conclusions of law for correctness. *Goettel*, ¶ 11. We review a district court's findings of fact to determine whether they are clearly erroneous. *Goettel*, ¶ 11.

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. After reviewing the record, including the transcript of the summary judgment hearing, we conclude the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. Lovaas's appeal consists entirely of unsupported legal conclusions and allegations of misconduct devoid of any support. Lovaas has not met her burden on appeal.

¶9      Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

4